# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

CIRILO MARTINEZ-GARCIA, et al., )
and others similarly situated, )
                     )
       Plaintiffs, )
                     )
         v. )       Case No. CV613-015
                     )
MARIA PEREZ and )
DAHLIA GUERRERO, )
                     )
       Defendants. )

## ORDER

The Mexican migrant worker plaintiffs who brought this Fair Labor Standards Act case against two farm labor recruiters moved to compel subpoena responses from one of them. Doc. 21. They showed that *pro se* defendant Dahlia Guerrero has been evasive, obstructive, and intransigent. *Id.* at 1-3. Guerrero failed to respond. Their fully supported motion thus was deemed unopposed by operation of L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). On July 25, 2013, the Court granted it and ordered Guerrero to respond and pay $500 in fees and expenses to the plaintiffs. Doc. 22.

Guerrero has failed to comply, so the plaintiffs now move to hold her in contempt. Doc. 25. They show that by U.S. mail and email they served Guerrero with a copy of the July 25th Order. Also, their counsel informed her of it over the telephone. *Id.* at 1. The Court's Clerk also served her by U.S. mail. Doc. 22 (Staff notes). As of the August 29, 2013 filing date of plaintiffs' contempt motion, Guerrero still had not complied (nor has she since responded to this motion, which thus is also unopposed by operation of L.R. 7.5). *Id.* Nor has she since. Plaintiffs insist that Guerrero is aware of the Order but is disobeying it. *Id.* at 2. Hence, they request a $100/day sanction to coerce compliance, and they point out that summary contempt (no hearing) is justified here. *Id.* at 2-3 (citing *Mercer v. Mitchell*, 908 F.2d 763, 769 n. 11 (11th Cir. 1990)).

"Every civil contempt proceeding is brought to enforce a court order that requires the defendant to act in some defined manner." *Mercer*, 908 F.2d at 768; *United States v. Paranelli*, 2011 WL 4073958 at * 3 (N.D. Ga. June 14, 2011). But due process requires adequate notice and a fair opportunity to be heard before a civil contempt citation issues. *Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 747 (7th Cir. 2007). Yet, no hearing prior to a finding of civil

contempt is needed "when there are no disputed factual matters that require an evidentiary hearing." *Mercer*, 908 F.2d at 769 n.11; *Lincoln Nat. Life Ins. Co. v. Marchiol*, 2013 WL 673990 at * 2 (D. Colo. Feb. 22, 2013); *Maid of Mist Corp. v. Alcatraz Media, LLC*, 2010 WL 1458955 at * 2 n. 1 (N.D. Ga. Mar. 10, 2010).

What is required, however, is clear and convincing evidence to show that a contempt sanction is warranted. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (a civil contempt finding requires clear and convincing evidence establishing that a defendant willfully disregarded a valid, clear and unambiguous court order despite his ability to comply); *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (civil contempt finding must be supported by clear and convincing evidence that the allegedly violated order was valid and lawful, the order was clear and unambiguous, and the alleged violator had the ability to comply with the order; once this *prima facie* showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a "show cause" hearing).[1] Also, the

_____

[1] In that regard:

absence of willfulness is not a defense to a charge of civil contempt, as this Court does not focus on subjective beliefs or intent in complying with the order, but whether in fact the contemnor's conduct complied with the order itself. *Leshin*, 618 F.3d at 1232-33.

The Court is wary of granting plaintiffs' motion just yet. Under Fed. R. Civ. P. 4, the plaintiffs served Guerrero with their complaint at a Vidalia, Georgia residence. Doc. 8. Someone accepted it on her behalf. *Id.* at 2 (process server's statement: "I left the summons at the individual's residence or usual place of abode with (name) Romeshia

---

A party does not have the right to merely disregard a court order based on his or her subjective opinion as to the correctness of the order. *See In re Novak*, 932 F.2d 1397, 1400 (11th Cir.1991). "It is beyond question that a court may use the remedy of a citation of contempt to enforce an earlier judgment." *Keegan v. Lawrence*, 778 F.Supp. 523, 525-526 (S.D. Fla.1991).

Although sanctions may be imposed to coerce compliance with a court order, any sanctions imposed may neither be so excessive as to be punitive, nor more than is necessary to ensure compliance. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Civil contempt sanctions include a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1304 (citations omitted).

*Barash v. Kates*, 2010 WL 1417816 at * 6 (S.D. Fla. Mar. 15, 2010). The Court may also require payment of reasonable attorneys' fees incurred in seeking contempt. *See, e.g., Riccard*, 307 F.3d at 1298 (recognizing that attorney's fees are properly awardable in civil contempt proceedings).

Muncie, a person of suitable age who resides there, on 2-14-13, and mailed a copy to the individual's last known address. . . .").  She has never answered or otherwise appeared, and default has since been entered against her.[2]  Doc. 16.  That same "summons address" has been used for service of subsequent filings under Fed. R. Civ. P. 5, including the motion to compel and the instant motion,[3] *see, e.g.*, doc. 24 at 4, as

---

[2] Inexplicably, plaintiffs have since failed to move for default judgment. *See, e.g.*, *Johnson v. Del Monte Fresh Produce N.A., Inc.*, 2013 WL 49448 *1 (S.D. Ga. Jan. 2, 2013) (judgment of default entered, following entry of default, upon motion). Meanwhile, a defendant's default status *generally* disentitles her to service of further pleadings. Fed. R. Civ. P. 5(a)(2) ("No service need be made on parties in default for failure to appear."); *Lincoln*, 2013 WL 673990 at * 2.  "But a pleading that asserts a new claim must be served on that party under Rule 4." Rule 5(a)(2).

Hence, Rule 4-level service is required for new or additional claims. *Id.* Arguably contempt qualifies as a new claim, which evidently is why the magistrate judge directed re-service under Rule 4 in *Lincoln*. *Lincoln*, 2013 WL 673990 at * 2; *but see* WRIGHT & MILLER, 4B FED. PRAC. & PROC. CIV. § 1145 (3d ed. Apr. 2013) ("Direct service as required by Rule 4 for process is not required by Rule 5(b) since a civil contempt proceeding is an extension of the main action and personal jurisdiction need not be reasserted under Rule 4.") (footnote omitted).

[3] Although the Advisory Committee notes to Fed. R. Civ. P. 4.1 speak of notice with respect to contempt of a "decree or injunction," and some may think "decree" means an injunction (which was *not* issued in the instant case), the commentary is instructive:

Service of process is not required to notify a party of a decree or injunction, or of an order that the party show cause why that party should not be held in contempt of such an order. With respect to a party who has once been served with a summons, the service of the decree or injunction itself or of an order to

well as for the one letter (doc. 24-2 at 2) plaintiffs used to send her the July 25 Order, doc. 24-2 at 2. Plaintiffs also show that they have emailed her. Doc. 24 at 1; doc. 24-1 at 2; doc. 24-2 at 3.

Yet, there is no mail-receipt or email-receipt confirmation of service on the July 25th Order. The only proof that she received the written communications from the Clerk and plaintiffs' counsel is a docket entry, a copy of a mailed letter, a copy of emails, and an *unsworn* representation made in plaintiffs' brief: "Plaintiffs' counsel also spoke to Respondent Guerrero on the phone informing her of the Court's Order and urging her response." Doc. 24 at 1.

Arguably that's enough, but for something this consequential (sanctions can include incarceration, *see supra* n. 1), the Court in its discretion will require more. Within 11 days after this Order is served,

---

show cause can be made pursuant to Rule 5. Thus, for example, an injunction may be served on a party through that person's attorney. The same is true for an order to show cause.

Fed. R. Civ. P. 4.1 Advisory Committee Notes, quoted in *United States v. Elmes*, 532 F.3d 1138, 1144 (11th Cir. 2008). Guerrero is proceeding *pro se*, so she may be served directly (as opposed to through counsel) and, per Rule 5, by mail. However, even though these notes serve as persuasive authority for "Rule 5" notice here, nevertheless the Court is wary given the questions of notice discussed above.

counsel shall back up his telephone-notice representation with a supporting affidavit or 28 U.S.C. § 1746 Declaration.

Meanwhile, the Clerk shall also (by U.S. First Class Mail) serve Guerrero with a copy of this Order, plus a repeat-copy of the July 25th Order, using that same "summons" address found in doc. 8 at 1; *see also* doc. 24-2 at 2 (Aug. 9, 2013, L. Lotto letter to Guerrero using the same address). The Clerk shall also serve Guerrero by emailing her .pdf copies of this and the July 25, 2013 Order -- using the same email address found on doc. 24-1. Of course, nothing stops plaintiffs from deploying more thorough service, including video-proof of service. *Cf., Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010) (video may be used to resolve summary judgment motions) (citing *Scott v. Harris*, 550 U.S. 372, 378-80 (2007)). Guerrero has 14 days from the date of the Clerk's service to show cause why she should not be held in contempt. She is free to request a hearing on that score, but will be held accountable if she has no facts to dispute and used the hearing as a stall tactic.

Guerrero also is warned not to ignore this Court's Orders. To avoid contempt she must show that she did not willfully disobey this

Court's July 25, 2013 Order (doc. 22) by failing to turn over the information demanded by plaintiffs' discovery subpoena and also pay them $500. To that end, the law does not demand futile action; if Guerrero fails to respond to this Order, the Court will advise that plaintiffs' contempt motion be granted without further process.

In that regard, the Court's inherent and contempt powers are limited, *see, e.g., Brown v. City of Upper Arlington*, 637 F.3d 668, 672-74 (6th Cir. 2011) (a magistrate judge, presiding in a civil consent case, did not have the "inherent power" to sanction a party for contempt for actions taken after the case had been dismissed), and within those limits are further limits on the authority of magistrate judges, as noted by L.R. 72.4(k) ("Exercise the contempt powers conferred by 28 U.S.C. § 636(c).").[4] The undersigned's role is thus "not to issue an Order of

---

[4] Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority only in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). Otherwise, if one has committed an act constituting a civil contempt in a proceeding before the magistrate judge, a certification procedure is used whereby:

contempt, but to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Stream Companies, Inc. v. Windward Advertising*, 2013 WL 3761281 at *10 (E.D. Pa. July 17, 2013); *Wallace v. Kmart Corp.*, 687 F3d 86, 91-92 (3rd Cir. 2012) (no power to issue a civil contempt order against plaintiffs' attorney, where actions occurred outside magistrate judge's presence and was not in proceeding where magistrate was presiding with parties' consent).

So, once the undersigned is able to notify the district judge that contempt has been committed, the matter will be deferred to him.

---

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). *See Kiobel v. Millson*, 592 F.3d 78, 89-90 (2nd Cir. 2010) concurrence) ("Section 636(e)(6)(B) [ (iii) ] explicitly provides that, if the contumacious conduct does not occur in the magistrate judge's presence, the issue must be referred to the district judge.").

*Stream*, 2013 WL 3761281 at *10; *see also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 2013 WL 5408413 at * 13 (M.D. Fla. Sept. 25, 2013) (imposing contempt sanctions based on magistrate judge's report). Plaintiffs shall therefore tailor their further filings in light of Fed. R. Civ. P. 72(a)'s referral procedure, as Guerrero will also be free to exploit the due process afforded by that Rule's notice and objection mechanism. *See also Lincoln*, 2013 WL 673990 at * 2-3 (where magistrate judge ordered personal service of show-cause contempt order but contemnor evaded service, district judge made evasion findings and deemed her served, then directed her to show why she should not be held in contempt for failing to respond to post-judgment discovery).

To summarize, the Court will reach plaintiffs' contempt motion (doc. 14) after their further showing as directed above. The Clerk is **DIRECTED** to use the special service procedures set forth *supra*.

**SO ORDERED,** this _10TH_ day of October, 2013.

_____

UNITED STATES MAGISTRATE JUDGE

SOUTHERN DISTRICT OF GEORGIA