# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

## STATESBORO DIVISION

CIRILO MARTINEZ-GARCIA, et al.,   )
and others similarly situated,    )
                                  )
      Plaintiffs,                 )
                                  )
        v.                       )   Case No. CV613-015
                                  )
MARIA PEREZ and                   )
DAHLIA GUERRERO,                  )
                                  )
      Defendants.                 )

## <u>ORDER</u>

The Mexican migrant worker plaintiffs who brought this Fair Labor Standards Act (FLSA) case against two farm labor recruiters previously moved to compel subpoena responses from one of them, doc. 21, and now also move against the other.  Doc.  25.  Here they contend that defendant Maria Perez failed to produce "full and complete" employment records in response to their Fed. R. Civ. P. 34 document requests.  *Id.* at 1-2.  They show that after Perez claimed she turned over all that she had, they sent her a Fed. R. Civ. P. 36 Request To Admit that there were no further records -- and she *denied* it.  *Id.* at 2-3. Hence, she is effectively maintaining that she *does* have additional records but

refuses to produce them.   And, plaintiffs contend, she waived her objections by failing to timely answer their discovery. *Id.* at 3.

Perez insists she "has produced all documents in her possession as she has indicated through counsel and as stated in her affidavit" attached to her response brief.  Doc. 28 at 1.  She *seems* to deny (unclear writing) that she has, via the requests for admissions, admitted that she is holding any document back. *Id.* at 1-2.  She also maintains that, after the admission requests were denied, she received from one Brenda Gail Lewis[1] additional documents and turned them over.  Doc. 28 at 1-2.  And, she will allow the inspection of her documents. *Id.* at 2.

Perez, plaintiffs underscore in their reply, does not dispute that she waived (by way of untimeliness) her objections.[2]  Doc. 29 at 1.  They also read her response as conceding that "additional documents exist." *Id.*

---

[1]   Her role is not specified by Perez, doc. 28-1, nor Lewis herself, doc. 28-2, but plaintiffs seem to reference her as Perez's bookkeeper.  Doc. 29  at 3.

[2]  This is moot, as Perez has stood on *no* objections here and claims only that she has produced all that she has, and in timely fashion at that.  Doc. 28.  Note, incidentally, that the dispute here goes to things like defendants' alleged failure to pay plaintiffs "the required average minimum wage for every compensable hour of labor performed in a workweek, as required by 29 U.S.C. § 206(a)."  Doc. 1 at 10 ¶ 63.  FLSA discovery thus can become document-intensive, especially with respect to time and payment records. *See, e.g., Garcia v. Bana*, 2012 WL 2119157 (N.D. Ca. June 9, 2012).

And while she "claims in response to [their] motion that she has no documents to produce, [Perez's] representation in her tax return contradict that claim." *Id.* at 2.  They also accuse her of quibbling wordplay, pointing out that she claims to have turned over all documents in her "possession," when in fact Rule 34 commands turnover of all documents in her possession, custody, and control. *Id.* at 3; *see also* Rule 34(a)(1) (authorizing the production of all documents in the party's "possession, custody or control").  In short, they do not believe her. *Id.* at 4 ("Defendant's claims in response to Request Nos. 8, 10, and 11, about her inability to produce bank records are also not credible.").

Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part. Doc. 25.  Within 14 days of the date this Order is served, Perez will file, in a sworn affidavit, a point-by-point concession or rebuttal to plaintiffs' reply-brief assertions, distilled here:

1.  Perez's 2011 tax return reveals that she is in possession or control of business records that she claims not to possess for turnover on document requests 8 & 11.  *See* doc. 29 at 2 (plaintiffs insist her tax return and bookkeeper say otherwise).  The Court will not accept a generic invitation from Perez to plaintiffs that they may inspect her

records.  Instead, she must respond directly and specifically, under oath, whether her tax returns reflect the existence of any records not produced -- and if so, then identify and promptly produce them.[3]

2.  "Defendant Perez's response to Plaintiffs' Request No. 10 is shown to be false by her own exhibit."  Doc. 29 at 3.  There the plaintiffs "sought information about payments [Perez] received from the agricultural enterprise." *Id.* at 3.  While Perez denies possession of relevant documents, plaintiffs again insist that her own bookkeeper and tax return show otherwise.  Again, Perez must swear under oath that there are, as she now contends, no further documents in her possession *or control*.

3.  "Defendant's claims in response to Request Nos. 8, 10, and 11, about her inability to produce bank records are also not credible."  Doc. 29 at 4.  Plaintiffs point out that Perez used checks to make her payroll, so there simply must be bank records.  The Court incorporates its directive in point 2 *supra*.

---

[3] This Court does not tolerate perjury in any form. *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).  And Perez is reminded of the qualification/stricture set forth in Rule 34(a)(1) (authorizing the production of all documents in the party's "possession, custody or control").

4. "Plaintiffs' Request Nos. 3 and 4 sought details of Defendant's reimbursement or payment of travel and immigration expenses." Doc. 29 at 4. Again, Perez's tax return, plaintiffs insist, contradicts her claim that she does not have documents about those expenses. How, plaintiffs ask, could she then calculate expenses to claim income tax deductions? *Id.* Again, the Court is distilling plaintiffs' dissatisfaction here; Perez will respond, under oath, point-by-point in light of the possession *or* control distinction noted *supra.*

5. "Request No. 7 sought documents about the recruitment and processing of H-2A workers." Doc. 29 at 5. Plaintiffs don't believe that only one email exists showing Perez's communication with the U.S. Consulate in Mexico. *Id.* They remind that their request encompasses communications with that consulate as well as recruiters. The Court agrees that it seems highly unlikely that only one email exists. Once again, Perez must swear under oath that there are, as she now contends, no further documents in her possession *or control.*

6. "Responses to Plaintiffs' Requests Nos. 1 and 2 are also still incomplete. Plaintiffs still do not have complete payroll records from [Perez], Doc. 25 at 5, nor the admission that [she] has no further record."

Doc. 29 at 5.  Plaintiffs then illuminate the fact that they simultaneously subpoenaed Perez's bookkeeper, who later "discovered additional paperwork" turned over to them is suspect.  Perez *and* Gail Lewis shall each (by separate affidavit to be filed with this Court) swear under oath that; (a) all requested payroll records have been turned over; (b) none were deliberately or recklessly held back; and (c) no others exist in Perez's possession, custody, or control.

7.  Perez's "responses to Request Nos. 5 and 6 also remain unsatisfactory. [She] claims to possess nothing more. Doc. 28 at 3. At a minimum, there must be records relating to truck driving and forklift operation responsive to Request No. 5 as these operations require documentation of the truck, the operator, and the number of runs made."  Doc. 29 at 5-6.  Perez must affirmatively swear that, upon her good faith effort to retrieve this and all other discovery requested, no such documents ever existed or, of if they did, they are no longer recoverable (and why).

8.  Perez, plaintiffs complain, "has not explained her response to Request No. 6 that that she 'is not in possession of electronic data files *at this time.'"  Doc. 25-4 at 2 (emphasis added).  The Court will not accept

any quibbling qualifiers.   If Perez is not in possession of requested documents at any given moment then she must disclose (a) when she will be; and (b) the present custodian in a manner that enables plaintiffs to subpoena same.

9.  Finally, plaintiffs point out that "electronic data must have been prepared to calculate pay for a workforce of more than 75.  The files [Perez] produced to-date do not calculate pay and only contain pay totals."  Doc. 29 at 6.  Perez shall explain why, and promptly furnish that information.  The Court directs counsel to confer by telephone to resolve any further disputes short of further motions to this Court.

To summarize, plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part.  Doc. 25.  The Court will evaluate plaintiffs' Fed. R. Civ. P. 37(a)(5)(A) expenses request, which they are free to renew should counsel fail to informally resolve same, following Perez's response.

**SO ORDERED** this  16th  day of October, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA