# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

CIRILO MARTINEZ-GARCIA, et al., )
and others similarly situated, )
)
    Plaintiffs, )
)
v. ) Case No. CV613-015
)
MARIA PEREZ and )
DAHLIA GUERRERO, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

The Mexican migrant worker plaintiffs who brought this Fair Labor Standards Act case against two farm labor recruiters moved to compel subpoena responses from one of them. Doc. 21. They showed that *pro se* defendant Dahlia Guerrero has been evasive, obstructive, and intransigent. *Id.* at 1-3. Guerrero failed to respond. Their fully supported motion thus was deemed unopposed by operation of L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). On July 25, 2013, the Court granted their motion and ordered Guerrero to respond and pay $500 in fees and expenses to the plaintiffs. Doc. 22.

Upon Guerrero's failure to comply, the plaintiffs moved to hold her in contempt. Doc. 25. They show that by U.S. mail and email they served Guerrero with a copy of the July 25th Order. Also, their counsel informed her of it over the telephone. *Id.* at 1. The Court's Clerk also served her by U.S. mail. Doc. 22 (Staff notes). As of the August 29, 2013 filing date of plaintiffs' contempt motion, Guerrero still had not complied (nor has she since responded to this motion, which thus is also unopposed by operation of L.R. 7.5). *Id.* Plaintiffs insisted that Guerrero is aware of the Order but is disobeying it. *Id.* at 2. Hence, they requested a $100/day sanction to coerce compliance, and pointed out that summary contempt (no hearing) is justified here. *Id.* at 2-3 (citing *Mercer v. Mitchell*, 908 F.2d 763, 769 n. 11 (11th Cir. 1990)).

Concerned about notice (hence, Guerrero's due process rights), the Court directed plaintiffs to firm up their showing that Guerrero is aware of the orders she is accused of disobeying. Doc. 30, *reported at* 2013 WL 5606366 (S.D.Ga Oct. 11, 2013). They have done so through their attorney's affidavit attesting to written notices, including "no-bounce" emails, plus a personal phone call wherein he "spoke with her about the Court's order and urged her to comply." Doc. 32 at 2.

Finally, the Court directed the Clerk to re-serve her, via U.S. First Class mail and email, with the Court's July 25 and October 11, 2013 orders, with the latter giving Guerrero until October 30, 2013 to show why she should not be held in contempt. Doc. 30 at 7. The Clerk has done so, and Guerrero has failed to respond by that deadline.

Accordingly, Dahlia Guerrero should be held in contempt, and this matter is **DEFERRED** to the district judge. *See* doc. 30 at 8-10; *see also* 28 U.S.C. § 636(e) (limiting magistrate judge's criminal and civil contempt authority to situations not applicable here).

**SO REPORTED AND RECOMMENDED** this 6Th day of November, 2013.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**